■ RAMAPO REALTY, LLC, Respondent, v 1236 ROGERS AVENUE, LLC, et al., Appellants, et al., Defendants. [48 NYS3d 503]—

In an action to foreclose a mortgage, the defendants 1236 Rogers Avenue, LLC, and Rahim Siunykalimi appeal from a judgment of the Supreme Court, Kings County (Silber, J.), dated January 21, 2015, which, upon an order of the same court dated December 12, 2014, made after a hearing, is in favor of the plaintiff and against them in the principal sum of $267,707.76.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this mortgage foreclosure action against, among others, 1236 Rogers Avenue, LLC, and Rahim

Siunykalimi (hereinafter together the defendants). The plaintiff subsequently obtained a judgment of foreclosure upon the defendants' default in answering the complaint. An auction sale was held in August 2010, at which the plaintiff announced an "upset price" that was higher than the amount set forth in the judgment of foreclosure. The plaintiff placed a nominal bid, and, as the sole bidder, took title to the property. Thereafter, the plaintiff moved to confirm in part the referee's report of sale and for leave to enter a deficiency judgment, and the defendant cross-moved to reject in part the referee's report of sale. After an evidentiary hearing with respect to the market value of the property, the Supreme Court granted the plaintiff leave to enter a deficiency judgment in its favor and against the defendants in the principal sum of $267,707.76. The plaintiff entered a judgment, and the defendants appeal.

RPAPL 1371 (2) states that a deficiency shall be "equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property[,] whichever shall be the higher." Contrary to the defendants' contention, the court is not obligated to utilize an announced upset price as the market value of the property for purposes of determining the amount of any deficiency. Here, the Supreme Court providently exercised its discretion in conducting an evidentiary hearing with regard to the market value of the property, and thereafter properly utilized the market value when calculating the deficiency. Accordingly, we find no basis to disturb the judgment appealed from. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.